UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


BETTY AVENT                                    )
                                               )
v.                                             )            NO. 2:05-CV-301
UNITED STATES OF AMERICA        )            (NO. 2:03-CR-103)


**MEMORANDUM  OPINION**


Betty Avent ("petitioner"), a federal prisoner, has filed this *pro se* motion

to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc.1].  The

petitioner filed no memorandum or other pleading in support of her motion.  The United

States has responded in opposition to the motion and has filed the affidavit of petitioner's

trial counsel in support of its opposition. [Doc. 8].  The petitioner filed no reply to the

government's response.   The Court has determined that the files and records of the case

conclusively establish that the petitioner is not entitled to relief under § 2255 and that,

therefore, no evidentiary hearing is necessary.  For the reasons which follow  the

petitioner's motion pursuant to § 2255 lacks merit and will be DENIED.

I.      **Procedural Background**

On November 18, 2003, an indictment was returned by the federal grand jury

charging petitioner with participation in a drug conspiracy.  On March 1, 2004, the United

States filed a notice of enhanced penalties based on petitioner's prior drug felony convictions. On April 26, 2004, the petitioner pleaded guilty to Count 1 of the indictment which charged her with conspiracy to distribute and possess with the intent to distribute at least 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1)(A) pursuant to a plea agreement with the United States.

As a result of her guilty plea, petitioner was subject to a statutory mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). [1] On November 22, 2004, petitioner was sentenced to a term of imprisonment of 210 months after the Court's grant of a motion by the United States for a downward departure on the grounds of petitioner's substantial assistance. [2] The petitioner did not take a direct appeal from the judgment of conviction entered on December 8, 2004. [3] This § 2255 motion was timely filed on November 18, 2005 alleging ineffective assistance of counsel.

II.    **Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

---

[1]    Based on a criminal history category of V and a total offense level of 33, petitioner's guidelines range was 210 – 262 months imprisonment.

[2]    The United States recommended a sentence of 262 months.

[3]    In her plea agreement with the government, the petitioner waived her right to file any direct appeal of her conviction or sentence and waived her right to file any collateral attack on her sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. Nothing in the record suggests, and petitioner does not argue, that her plea agreement was not entered into knowingly and voluntarily.

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255   Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief.  If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961).  "Conclusions, not substantiated by allegations of fact with some probability of verity,  are not sufficient to warrant a hearing."  *O'Malley*, 285 F. 2d at 735 (citations omitted).  A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994).

*See also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

III.    **Factual Background**

Petitioner stipulated at the time of her guilty plea that from approximately January, 2001 and continuing to on or about November 18, 2003, she conspired with at least one other person to distribute and possess with intent to distribute at least 500 grams but less than 1.5 kilograms of crack cocaine. She admitted that during the time period of the conspiracy, customers in the Eastern District of Tennessee would wire drug proceeds to her and co-conspirator Garrett Johnson via Western Union in the State of North Carolina. After each wire transfer was confirmed, the crack cocaine would be delivered to the customer. Records obtained from Western Union show more than 40 wire transfers,

sometimes more than one wire transfer on a given day, often for the same amount, totaling more than $60,000.00. Between 18 and 50 ounces of crack cocaine were transported weekly from North Carolina to the Eastern District of Tennessee during the conspiracy. On November 24, 2003, petitioner was interviewed, and, after being advised of her rights, admitted that she permitted Johnson to cook powder cocaine into crack cocaine at her residence. Petitioner admitted that she allowed several vehicles to be titled in her name and that she wired drug proceeds and received wire transfers of drug proceeds for Johnson. Johnson paid cash to petitioner in return for titling the vehicles in her name, wiring and receiving wire transfers of drug proceeds and permitting drugs to be stored at her residence.

Because of the drug amount in this case, stipulated to by the petitioner, and petitioner's prior felony drug convictions, petitioner was subject to a statutory mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

IV.   **Analysis and Discussion**

Petitioner asserts claims of ineffective assistance of counsel for (1) failure of trial counsel to "subject prosecution to meaningful adversarial challenge", (2) failure of trial counsel "to conduct pretrail [sic] discovery", and (3) failure of trial counsel "to file notice of appeal when requested by defendant." [Doc. 1, p. 4].

The Sixth Amendment provides, in pertinent part, "[i]n all criminal

5

prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064.

As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are

6

alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104

S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance

must be made "from counsel's perspective at the time of the alleged error and in light of

all the circumstances, and the standard of review is highly deferential." *Kimmelman v.*

*Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* tests requires the petitioner show counsel's

deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104

S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

*Id.* at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be

established in order to meet the claimant's burden, and if either prong is not satisfied the

claim must be rejected, stating:

> Although we have discussed the performance component of an
> ineffectiveness claim prior to the prejudice component, there is
> no reason for a court deciding an ineffective assistance claim to
> approach the inquiry in the same order or even to address both
> components of the inquiry if the defendant makes an insufficient
> showing on one . . . . If it is easier to dispose of an
> ineffectiveness claim on the ground of lack of sufficient
> prejudice, which we expect will often be so, that course should
> be followed. Courts should strive to ensure that ineffectiveness

claims not become so burdensome to defense counsel that the
entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.


## 1. Failure to Conduct Pretrial Discovery and Failure to Subject Prosecution to Meaningful Adversarial Challenge

Petitioner asserts that she was denied effective assistance of counsel by

counsel's failure to conduct pretrial discovery and his failure to subject the prosecution to

meaningful adversarial challenge. Petitioner asserts no facts in support of either of these

allegations. Such bald allegations are insufficient to demonstrate counsel was ineffective

and that petitioner suffered prejudice as a result of counsel's alleged failures. Her

conclusory assertion that her counsel failed to conduct pretrial discovery and to subject the

prosecution to meaningful adversarial challenge, without any facts to support those

assertions, does not meet the first prong of the *Strickland* test. *See Hill v. Lockhart*, 474

U.S. 52, 58-59 (1985); *Miller v. Straub*, 299 F. 3d 570, 578 (6th Cir. 2002) For this reason

alone, these two allegations of the petitioner lack merit.

Furthermore, petitioner does not contest her guilt, has not alleged any defense

to the charge to which she pleaded guilty, nor has she alleged but for counsel's alleged

errors during pretrial discovery and trial preparation she would have proceeded to trial

rather than plead guilty. Simply put, petitioner has not produced any evidence to

demonstrate a reasonable probability that the outcome in her case would have been

different.  She does not identify any pretrial discovery which was not provided by the government for review by counsel, she does not point to any potentially exculpatory facts which additional pretrial research or investigation would have revealed and she ignores the fact that her voluntary and knowing plea of guilty to the charged offense obviated the need for defense counsel to challenge the government's evidence in an adversarial posture during trial.

### 2. Failure to File Notice of Appeal

The test for assessing ineffective assistance of counsel for failure to file a notice of appeal is the familiar two pronged inquiry of *Strickland v. Washington.  See Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).  In the *Roe* decision, the court referred to its prior decision in *Rodriguez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969), stating that it is "professionally unreasonable" for a lawyer to fail to file an appeal when specifically instructed to do so. *Roe,* 528 U.S. at 477, 120 S. Ct. at 1029.  See also *Ludwig v. United States*, 162 F. 3d 456, 459 (6ᵗʰ Cir. 1998) (holding that counsel's failure to perfect a direct appeal upon his client's request is a *per se* Sixth Amendment violation).  Nevertheless, the *Roe* court rejected a *per se* rule that an attorney must always file an appeal unless specifically told otherwise, and determined that when the client has neither told his attorney to file an appeal nor told her not to file an appeal, courts must evaluate the attorney's performance by asking whether

the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal.

The petitioner's allegation of ineffective assistance of counsel by counsel's failure to file a notice of appeal when requested by the petitioner, at first blush, is more troubling than the other claims raised by the petitioner. Her claim lacks merit, however, for several reasons. First of all, petitioner's motion recites no alleged facts in support of her conclusory allegation and does not identify for the court when, or under what circumstances, she made a request of counsel to file a notice of appeal. Secondly, and very importantly, petitioner knowingly and voluntarily waived her right to file a direct appeal on any grounds in her plea agreement with the government. Thirdly, the record establishes that petitioner's trial counsel spent considerable time consulting with her about the waiver of appeal provisions contained in her plea agreement and that she specifically indicated to him, two days after her sentencing, "that she did not desire an appeal."

Furthermore, trial counsel's affidavit establishes that the first request by petitioner for an appeal of her sentence occurred in March, 2005, approximately three months after the time for filing of a notice of appeal had expired. Trial counsel's affidavit was filed by the United States along with its response to petitioner's § 2255 motion on February 24, 2006 and petitioner makes no allegations that contradict counsel's express averments. Therefore, this Court fully credits trial counsel's sworn affidavit. The petitioner is therefore unable to demonstrate that trial counsel's performance was

ineffective and, even if she could, she has made no allegation of any prejudice to her in light of her knowing and voluntary waiver of her right to file a direct appeal. For all these reasons, petitioner's § 2255 motion will be **DENIED**.

V.      **Conclusion**

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
